UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**XS SUPPLY, LLC**,

    Plaintiff,

v.                                                            Case No. 8:23-cv-2324-WFJ-AEP

**MEDICAL EQUIPMENT SOLUTIONS,
INC.** d/b/a **MESI**,

    Defendant.
_____/

## ORDER

Before the Court is Plaintiff XS Supply, LLC's ("XS Supply") Motion for Default Judgment against Defendant Medical Equipment Solutions, Inc. ("MESI") (Dkt. 11). Upon consideration of the record, the Court grants the Motion and awards XS Supply $38,640.00 in damages as well as $4,978.80 in attorneys' fees and costs.

### BACKGROUND

On March 23, 2023, XS Supply placed an order with MESI for $77,280 worth of medical supplies (the "Order").[1] Dkt. 1-1 at 1–4. The Order was subject to the Purchase Order Terms and Conditions contained on XS Supply's webpage (the "Terms"). Dkt. 1-1 at 3; Dkt. 1-3 at 2–4. The Terms provided, among other things, that "[t]his [O]rder contains the entire agreement between [XS Supply] and [MESI],

---

[1] The Court recounts the facts as alleged in XS Supply's Complaint (Dkt. 1).

and becomes a contract upon the acceptance of the [O]rder by [MESI] . . . No changes shall be made to this [O]rder unless agreed to in writing by [XS Supply]." Dkt. 1-3 at 2. In addition, the Terms stipulated that "[i]n any action or dispute, at law, in equity or arbitration, that may arise under or otherwise relate to this Agreement, the prevailing party will be entitled to reimbursement of its attorney's fees, costs, and expenses from the non-prevailing party." *Id.* at 3. XS Supply ultimately wired MESI $38,640.00, Dkt. 1-2 at 2, representing the 50% of the Order then due under the Order's Terms, Dkt. 1-1 at 3.

"Despite XS Supply sending MESI the [Order] and the wire transfer of $38,640, MESI never delivered the ordered products." Dkt. 1 at 3. XS Supply subsequently made numerous attempts to reach out to MESI, but MESI repeatedly responded with unfulfilled assurances of future delivery. *Id.* at 4–5. Finally, on September 1, 2023, counsel for XS Supply demanded fulfillment of the Order or a refund of the $38,640.00 prepay. *Id.* at 5. MESI did not respond, fulfill the Order, or otherwise refund XS Supply's wire transfer. *Id.*

On October 12, 2023, XS Supply filed the instant lawsuit. *Id.* at 1. MESI was served approximately two weeks later. Dkt. 6 at 1. Notwithstanding, MESI has failed to make any appearance in this case. Accordingly, on January 9, 2024, a Clerk's Default was entered against MESI. Dkt. 10 at 1. XS Supply now moves for default judgment at to Count I—breach of contract. *See generally* Dkt. 11.

2

## LEGAL STANDARD

"The effect of the entry of a default is that all of the factual allegations in the [c]omplaint are taken as true, save for the amount of unspecified damages." *Whole Space Indus., Ltd. v. Gulfcoast Int'l Prod., Inc.*, No. 209-CV-217-UA-SPC, 2009 WL 2151309, at *3 (M.D. Fla. July 13, 2009) (citation omitted). Accordingly, "if liability is well-pled in the complaint, it is established by the entry of a default." *Id.*

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default[.]" *Id.* Instead, "the Court determines the amount and character of damages to be awarded." *Id.* Damages may be awarded without an evidentiary hearing if the amount is a liquidated sum or capable of mathematical calculation. *See* Fed. R. Civ. P 55(b)(1); *SEC v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005) (collecting cases).

## DISCUSSION

XS Supply's factual allegations are sufficient to establish MESI's liability for breach of contract. Breach of contract requires: (1) the existence of a valid contract; (2) a breach of that contract; (3) causation; and (4) damages. *Carpenter Contractors of Am., Inc. v. Fastener Corp. of Am.*, 611 So. 2d 564, 565 (Fla. 4th DCA 1992). XS has alleged that the Order, which incorporates the Terms, is a valid contract that MESI accepted; that MESI breached it by not delivering any medical supplies or

3

refunding the wire transfer; and that this breach caused XS Supply $38,640.00 in damages. Dkt. 1 at 5. MESI is liable under Count I.

XS Supply's factual allegations, attachments, and attorney affidavit also form a sufficient basis upon which the Court can determine the sum of XS Supply's direct damages and attorneys' fees/costs under the Order's Terms. Accepting as true that XS Supply sent the wire transfer evinced by the attached wire receipt and that MESI refused to refund it, XS suffered direct damages in the amount of $38,640.00. Dkt. 1-2 at 2. Further, analysis of attorney Gus Centrone's detailed affidavit—which includes timesheets, citations to past court approvals of a $400.00 hourly rate, and a cost breakdown—reveals that XS Supply is entitled to $4,978.00 in fees and costs under the Order's Terms. *See generally* Dkt. 11-1.

## CONCLUSION

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

(1) XS Supply's Motion for Default Judgment as to Count I (Dkt. 11) is **GRANTED**.

(2) Default judgment is entered against MESI and in favor of XS Supply in the amount of $38,640.00 in direct damages and $4,978.80 in fees and costs.

4

(3) For the total judgment of $43,618.80, which shall bear interest at the interest rate of 0.10% per annum, pursuant to 28 U.S.C. § 1961, all for which let execution issue.

(4) The Court retains jurisdiction of this case to enter further orders that are necessary and proper for Execution and/or Garnishment.

**DONE AND ORDERED** at Tampa, Florida, on January 25, 2024.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record